Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
**ZOLDAN LAW GROUP, PLLC**
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Sean Johnson**, an Arizona resident;<br><br>Plaintiff,<br><br>v.<br><br>**Paradise Promotions, LLC**, an Arizona company; **Brian Holmason,** an Arizona resident; and **Jodi Holmason,** an Arizona resident;<br><br>Defendants. | Case No.<br><br><br>**VERIFIED COMPLAINT**<br><br><br><br>**(Jury Trial Requested)** |

Plaintiff Sean Johnson ("**Plaintiff**"), for his Verified Complaint against Defendants Paradise Promotions, LLC ("**Paradise**"); Brian Holmason; and Jodi Holmason (**"Defendants"**), hereby alleges as follows:

### NATURE OF THE CASE

1. Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**"); A.R.S. §§ 23-362 - 23-364 ("**Arizona Minimum Wage Statute**" or "**AMWS**"); and failure to make timely payment of wages under the Arizona Wage

Statute, A.R.S. §§ 23-350 – 23-355 ("**Arizona Wage Statute**" or "**AWS**").

2. This action is also brought to recover minimum wage compensation, liquidated damages, treble damages, and statutory penalties resulting from Defendants' violations of the FLSA and AMWS.

3. This action is also brought to recover unpaid wages, treble damages, and statutory penalties resulting from Defendants' violations of the AWS.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona.

6. Plaintiff's state law claims are sufficiently related to his federal claim that it forms the same case or controversy. This Court therefore has supplemental jurisdiction over Plaintiff's claims under the Arizona Minimum Wage Statute and Arizona Wage Statute pursuant to 28 U.S.C. § 1367.

7. Plaintiff was employed by Defendants in this District.

## PARTIES

8. At all relevant times to the matters alleged herein, Plaintiff Sean Johnson resided in the District of Arizona.

9. Plaintiff Sean Johnson was a full-time employee of Defendants from in or around September 2016, until on or around June 10, 2022.

10. At all relevant times, Plaintiff Sean Johnson was an employee of Defendants

as defined by 29 U.S.C. § 203(e)(1).

11. At all relevant times, Plaintiff Sean Johnson was an employee of Defendants as defined by A.R.S. § 23-362(A).

12. At all relevant times, Plaintiff Sean Johnson was an employee of Defendant Paradise as defined by A.R.S. § 23-350(2).

13. Defendant Paradise is a company authorized to do business in Arizona.

14. Defendant Paradise was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

15. Defendant Paradise was Plaintiff's employer as defined by A.R.S. § 23-362(B).

16. Defendant Paradise was Plaintiff's employer as defined by A.R.S. § 23-350(3).

17. Defendant Brian Holmason is an Arizona resident.

18. Defendant Brian Holmason has directly caused events to take place giving rise to this action.

19. Defendant Brian Holmason is a manager of Paradise.

20. Defendant Brian Holmason is an owner of Paradise.

21. Defendant Brian Holmason is an employer of Paradise.

22. Defendant Brian Holmason has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

23. Defendant Brian Holmason has been at all relevant times Plaintiff's employer as defined by A.R.S. § 23-362(B).

24. The FLSA defines "employer" as any individual who acts directly or

indirectly in the interest of an employer in relation to an employee. Therefore, under the FLSA, Defendant Brian Holmason is an employer.

25. Defendant Brian Holmason supervised and controlled Plaintiff's work schedules or the conditions of Plaintiff's employment.

26. On May 20, 2022, Plaintiff messaged Defendant Brian Holmason via WhatsApp to ask about his job performance. Defendant Brian Holmason responded that Plaintiff's "performance is great".

27. Defendant Brian Holmason determined the rate and method of Plaintiff's payment of wages.

28. On May 27, 2022, Defendant Brian Holmason messaged Plaintiff "FYI we will have the raise situation figured out for you next week. Holiday week so everyone was frantic."

29. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Brian Holmason is subject to individual and personal liability under the FLSA.

30. Defendant Jodi Holmason is an Arizona resident.

31. Upon reasonable belief, during Plaintiff's employment with Defendants, Defendant Jodi Holmason and Defendant Brian Holmason were legally married.

32. Defendant Jodi Holmason and Defendant Brian Holmason have caused events to take place giving rise to this action as to which their marital community is fully liable.

33. Under the principle of marital community property, all actions by one individual are imputed on the marital community property.

34. Plaintiff further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

35. Defendants, and each of them, are sued in both their individual and corporate capacities.

36. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

37. Plaintiff has a good faith reasonable belief that in his work for Paradise, he was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2016.

38. Plaintiff has a good faith reasonable belief that in his work for Paradise, he was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2017.

39. Plaintiff has a good faith reasonable belief that in his work for Paradise, he was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2018.

40. Plaintiff has a good faith reasonable belief that in his work for Paradise, he was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2019.

41. Plaintiff has a good faith reasonable belief that in his work for Paradise, he was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2020.

42. Plaintiff has a good faith reasonable belief that in his work for Paradise, he

was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2021.

43. Plaintiff has a good faith reasonable belief that in his work for Paradise, he was employed by an enterprise engaged in commerce that has and will have annual gross sales of at least $500,000 in 2022.

44. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

45. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

46. Plaintiff, in his work for Defendants, regularly handled goods produced and transported in interstate commerce.

47. Plaintiff would use text messages and WhatsApp to communicate with Defendants.

48. Plaintiff is a covered employee under individual coverage.

49. Plaintiff is a covered employee under enterprise coverage.

## FACTUAL ALLEGATIONS

50. The entity Defendant is a promotional company.

51. In or around September 2016, Plaintiff Sean Johnson commenced employment with Defendants as a graphic designer.

52. Plaintiff's primary job duties included creating art and designs, writing up orders, and speaking with customers.

53. From in or around September 2016, to in or around August 2019, Plaintiff Sean Johnson was paid at a rate of $17 an hour.

54. From in or around August 2019, to in or around October 2019, Plaintiff Sean Johnson was paid at a rate of $18 an hour.

55. From in or around October 2019, to in or around May 2022, Plaintiff Sean Johnson was paid at a rate of $20 an hour.

56. From in or around May 2022, to on or around June 10, 2022, Plaintiff Sean Johnson was paid at a rate of $21 an hour.

57. Plaintiff was a non-exempt employee.

58. Plaintiff has not been paid his final paycheck.

59. Plaintiff is owed approximately $672 in back wages.

60. Defendants failed to properly compensate Plaintiff for his hours worked.

61. Plaintiff, therefore, did not receive his FLSA minimum wage or Arizona minimum wage.

62. Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due on his next paycheck.

63. Defendants refused and/or failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

64. Defendants failed to post and keep posted in a conspicuous place the required poster / notice explaining his employee rights under the FLSA pursuant to 29 C.F.R. § 516.4.

65. Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA were willful.

### COUNT I
### (FAILURE TO PAY MINIMUM WAGE – FLSA – 29 U.S.C. § 206)

66. Plaintiff incorporates by reference all of the above allegations as though fully

set forth herein.

67. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

68. Plaintiff was an employee entitled to the statutorily mandated minimum wage.

69. Defendants have intentionally failed and/or refused to pay Plaintiff's minimum wage according to the provisions of the FLSA.

70. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C.§ 206.

71. In addition to the amount of unpaid minimum wages owed to Plaintiff, he is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

72. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

73. Defendants knew Plaintiff was not being compensated full minimum wages for time worked.

74. Defendants knew their failure to pay minimum wage was a violation of the FLSA.

75. Defendants have not made a good faith effort to comply with the FLSA.

76. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**(FAILURE TO PAY MINIMUM WAGE – ARIZONA MINIMUM WAGE STATUTE)**

77. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

78. At all relevant times, Plaintiff was employed by Defendants within the meaning of the Arizona Minimum Wage Statute.

79. Defendants intentionally failed and/or refused to pay Plaintiff's full minimum wages according to the provisions of the Arizona Minimum Wage Statute.

80. In addition to the amount of unpaid minimum wage owed to Plaintiff, he is entitled to recover an additional amount equal to twice the underpaid wages and interest pursuant to A.R.S. § 23-364(g).

81. Plaintiff is also entitled to an award of attorneys' fees and costs pursuant to A.R.S. § 23-364(g).

**COUNT III**
**(FAILURE TO TIMELY PAY WAGES DUE – ARIZONA WAGE STATUTE)**
**(ONLY AGAINST DEFENDANT PARADISE)**

82. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

83. At all relevant times, Plaintiff was employed by Defendant Paradise within the meaning of the Arizona Wage Statute.

84. Defendant Paradise was aware of its obligation to pay timely wages pursuant to A.R.S. § 23-351.

85. Defendant Paradise was aware that, under A.R.S. § 23-353, it was obligated to pay all wages due to Plaintiff.

86. Defendant Paradise failed to timely pay Plaintiff his wages due without a good faith basis for withholding the wages.

87. Defendant Paradise has willfully failed and refused to timely pay wages due to Plaintiff.

88. As a result of Defendant Paradise's unlawful acts, Plaintiff is entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendants committed the following acts:

   i. violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

   ii. willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

   iii. violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

   iv. willfully violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

   v. willfully violated the Arizona Wage Statute by failing to timely pay all wages due to Plaintiff;

B. For the Court to award compensatory damages, including liquidated or double damages, and / or treble damages, to be determined at trial;

C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D. For the Court to award such other monetary, injunctive, equitable, and

declaratory relief as the Court deems just and proper;

E.    For the Court to award Plaintiff reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), A.R.S. § 23-364(g), and all other causes of action set forth herein;

F.    Any other remedies or judgments deemed just and equitable by this Court;

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED July 8, 2022.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
    5050 N. 40th St., Suite 260
    Phoenix, AZ 85018
    Attorneys for Plaintiff

**VERIFICATION**

Plaintiff Sean Johnson declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and as to those matters, he believes them to be true.

_____
Sean Johnson